# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANETTA SCONIERS,

Plaintiff,

v.

CLARENCE WHITMORE, JR., et al.,

Defendants.

/

CASE NO. 1:09-cv-02168-OWW-SMS

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF COMPLAINT WITH PREJUDICE AND DENIAL OF MOTION TO ISSUE SUMMONSES AS MOOT

(Doc. 4)

Proceeding pro se, Plaintiff Janetta Sconiers moves for an order directing the Clerk of Court to issue summonses relating to the complaint in this action. This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Because this Court lacks subject matter jurisdiction over the issues raised in the complaint, the undersigned recommends that the Court dismiss this case with prejudice.

## I. Procedural Background

Plaintiff's complaint in this action is substantially similar to her previous complaint, filed September 2, 2008, *Janetta Sconiers v. Clarence Whitmore, Sr.* (1:08-cv-01288-LJO-SMS) ("*Sconiers I*"), and understanding its disposition is essential in properly evaluating the instant complaint. Following screening which revealed various legal deficiencies in Plaintiff's complaint, this Court filed findings and recommendations on December 1, 2008, recommending that the District Court dismiss the complaint in part without leave to amend and in part with leave to amend. Plaintiff was granted thirty days to file objections to the findings and recommendations.

On February 3, 2009, Plaintiff filed a document entitled "Objections to Magistrate Judge Findings and Recommendations," in which she moved for leave to file an amended complaint, for a temporary restraining order, for a writ of mandate, and for an order to show cause re: preliminary injunction. Thereafter, without having received permission to amend, Plaintiff filed an amended complaint and a motion for a temporary restraining order.

On February 10, 2009, the District Court denied Plaintiff's motion to file an amended complaint, instead adopting the magistrate judge's findings and recommendations, which permitted Plaintiff to file an amended complaint within thirty days, but only in compliance with the findings and recommendations, including the dismissal of certain claims without leave to amend. Plaintiff did not file a complying amended complaint, but instead, on March 5, 2009, appealed to the Ninth Circuit Court of Appeals.

On March 19, 2009, the magistrate judge filed findings and recommendations recommending that the action be dismissed for Plaintiff's failure to follow a court order, to file an amended complaint, and to prosecute the case. On April 16, 2009, the district court adopted the findings and recommendations, and dismissed the case without leave to amend. The clerk entered a judgment of dismissal. Thereafter, the district court was advised that Plaintiff had filed objections to the findings and recommendations and had again attempted to file an amended complaint on April 14, 2009. Accordingly, on April 17, 2009, the district court issued an addendum to its order adopting the findings and recommendations in which it found that Plaintiff's attempt to file an amended complaint was untimely and reaffirmed its dismissal order. While her appeal was still pending, Plaintiff filed this complaint on December 14, 2009.

On January 21, 2010, the Ninth Circuit summarily affirmed the district court's judgment in *Sconiers I*, stating "A review of the record and response to the order to show cause indicates that the questions raised in this appeal are so insubstantial as not to require further argument." *Sconiers v. Whitmore* at *1 (9th Cir. January 21, 2010)(No. 09-16041).

**II. <u>Screening</u>**

The December 2009 complaint again seeks damages and other relief for alleged civil rights violations arising from a family probate dispute. The new complaint is 98 pages long and

names 25 defendants as well as fifty "John Does." In light of its substantial similarity to the complaint in the 2008 action, as well as the appeal then pending before the Ninth Circuit, the complaint in was referred to this Court for review.[1]

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In light of Plaintiff's pro se status and the complaint's similarity to the dismissed 2008 complaint, prior to ordering service on the many defendants named in this case, this Court screened Plaintiff's complaint to determine whether it alleged cognizable claims.

**III. Pleading Standards**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Id.* at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a

---

[1] For a fuller exposition of the underlying probate dispute, the Court takes judicial notice of facts alleged by Plaintiff in *Janetta Sconiers v. Clarence Whitmore, Sr.* (1:08-cv-01288-LJO-SMS). Fed.R.Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981).

formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

If a court concludes that a complaint fails to state a cognizable claim, it may grant leave to amend if amendment could cure the complaint's deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)(en banc). Dismissing the complaint is appropriate only when it is obvious that the plaintiff cannot prevail on the facts he or she has alleged and that amendment would be futile. *Id.* at 1128.

**IV. Factual Background.**

Both the 2009 complaint and the 2008 complaint arose from a familial dispute among siblings and other relatives about the disposition of the estate of Plaintiff's mother, Rosie Lee Sconiers ("Mother"[2]), particularly Mother's home at 1829 West Church Avenue in Fresno, California, and certain assorted personal property. Plaintiff maintains that the home and personal property belonged to Plaintiff and never became part of Mother's estate. She alleges that, in exchange for Plaintiff making various cash payments to Mother, Plaintiff secured a lease with an option to purchase the Church Avenue home and purchased various items of personal property. In this unusual transaction, documented in exhibits to the 2008 complaint, Plaintiff leased Mother's property with an option to purchase, then leased it back to Mother. Plaintiff resided elsewhere.

Mother died July 19, 2007. In addition to herself, Plaintiff names as heirs Defendants Clarence Whitmore, Sr., Dolores Sconiers Moseley,[3] Clarence Whitmore, Jr., Zachary Sconiers, Rita Sconiers Washington, Annvanae Washington, Nathaniel Sconiers, Frankie Sconiers Freitas, Priscilla Sconiers Dorsey, Jack Sconiers, Jr., and Phyllis Sconiers Watt. Plaintiff alleges that the other heirs undertook various actions that were hostile to Plaintiff's possession of the Church

---

[2] Because of the many Sconiers family member who are parties to this action, the Court will refer to Mrs. Rosie Lee Sconiers as "Mother" to assist the reader in clearly identifying her role in the underlying conflict. No disrespect is intended.

[3] Clarence Whitmore, Sr., and Dolores Sconiers Moseley were named as defendants in the 2008 complaint but have been omitted from the pending complaint.

Avenue home to which Plaintiff was entitled by virtue of the lease-purchase agreement between Plaintiff and Mother. Plaintiff moved into the Church Avenue home on October 16, 2007, and was forced to move out on October 17, 2007.

On September 14 and October 16, 2008, Plaintiff's sister, Defendant Frankie Sconiers Freitas, filed a petition for probate in Fresno County Superior Court, seeking letters testamentary and appointment as executor. Frankie submitted a copy of Mother's November 10, 1999 will, obtained from Mother's attorneys, which appointed Frankie to serve as executor. Frankie alleged that the original will could not be located and was presumed lost. Plaintiff filed objections to Frankie's petition on November 7, 2007. On or about December 21, 2007, Plaintiff filed a probate petition in state court, also seeking letters testamentary. Plaintiff 's petition relied on a copy of Mother's January 11, 1977 will, which Plaintiff contended had also been lost. Frankie was appointed administrator of Mother's estate.

Plaintiff contends that, armed with a probate petition and letters testamentary, Defendants Frankie and Jack Sconiers, Jr., wrongfully attempted to enter the Church Avenue home on October 17, 2007, under the pretext of recovering Rita Sconiers Washington's eyeglasses, which Washington left in the home before Plaintiff took possession and locked the others out the day before. After Plaintiff called Defendant Fresno County Sheriff's Department ("FCSD") to report that Frankie and Jack were attempting unlawful entry, Defendant Deputy Sheriff John Capriola responded to the home and permitted Frankie and Jack to enter. Defendant Deputy Sheriff Robert Buenrostro informed Plaintiff that she would be arrested for obstruction of justice if she did not open the door. Plaintiff alleges that Defendant Stephen Wilkins, a FCSD supervisor, and Fresno County Sheriff Margaret Mimms ratified Capriola and Buenrostro's conduct. She further alleges that Defendant Fresno County[4] has failed to respond to her claim for damages arising from Frankie's and Jack's entry into Mother's home on October 17, 2007.

Plaintiff also alleges that various heirs entered Mother's home on subsequent occasions and ransacked Plaintiff's personal property while looking for Mother's 1999 "lost will." Dolores

[4]Fresno County was not named as a defendant in the 2008 complaint.

Sconiers Mosely, a defendant in the 2008 complaint, finally found the 1999 will in Mother's home in May 2008. Dolores gave the will to Defendant J. Stanley Teixera, an attorney.

Although the complaint is not clear, the probate dispute appears to have been tried in Fresno County Superior Court in or about September 2009. Plaintiff alleges that she was denied the right to file many legal documents at about the same time as the trial appears to have been underway and contends that rulings by the probate judge and decisions of the probate clerk violated the United States Constitution and other federal laws. Although Plaintiff refers to herself as having been labeled a vexatious litigant, she does not allege the timing or circumstances of the state court's order declaring her a vexatious litigant. Nonetheless, Plaintiff contends that various actions of the probate court and its clerks, ostensibly related to Plaintiff's status as a vexatious litigant under California law, violated various provisions of the United States Constitution and federal law. Apparently, the probate case has been appealed to the California Court of Appeal.

Plaintiff also sues her former employers, Defendants Coleman & Horowitt, LLP, Darryl Horowitt, William Coleman, and Bonnie Anderson, alleging that they advised the heirs that they all had equal right to occupy the Church Avenue property and remove personal property from it, and that Plaintiff could not require them to pay her rent.

For the first time in the 2009 complaint, Plaintiff sues Defendants Ronald M. George, chairman of the Judicial Council of California; Michael C. Vickrey, Administrative Director of the Courts of the Judicial Council of California; M. Bruce Smith,[5] presiding judge for the Superior Court of California, Fresno County; Fresno County Court Clerk Tamara Beard; and James Ardiaz, presiding judge for the Fifth Appellate District of California, for their respective roles in requiring her pleadings to be reviewed before filing following her designation as a vexatious litigant under California Civil Procedure Code § 391 et seq.[6] On several occasions,

---

[5] Although the caption names as a defendant "M. Bruce," the body of the complaint refers to "M. Bruce Smith." The court refers to this defendant as M. Bruce Smith or Judge Smith.

[6] California law provides that a litigant who repeatedly files merit less cases or engages in certain frivolous or delaying actions may be declared a vexatious litigant. California Civil Procedure Code § 391 et seq. Individuals declared to be vexatious litigants may be required, among other things, to furnish security upon filing an action or

alleges Plaintiff, Judge Smith instructed Probate Deputy Clerks to refuse to file Plaintiff's documents because she had been adjudicated a vexatious litigant. Plaintiff alleges that Defendant Ardiaz declared that, as a vexatious litigant, Plaintiff was precluded from filing responsive pleadings without first obtaining leave from the presiding judge and impermissibly expanded Judge Smith's discretion to impose sanctions against Plaintiff as a vexatious litigant. Plaintiff further alleges that Defendants Smith, Beard, Ardiaz, George, Vickrey and a John Doe deputy clerk have conspired with Judge James M. Petrucelli and Defendant Freitas to interfere with the course of justice; to punish Plaintiff for initiating court action; to allege that documents were stolen, altered or destroyed after filing; to discriminate against Plaintiff based on race, gender, physical and mental disability, and her status as a victim of domestic violence; and to deny Plaintiff her constitutional rights under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. §§ 1981, 1983, 1985(2), 1985(3), and 1986.

**V. <u>Abstention and Lack of Subject Matter Jurisdiction</u>**

At the heart of this case is the probate dispute: administration of Mother's 1999 will and construction of Plaintiff's lease with option to purchase. The state court's adjudication of these probate matters is the source of Plaintiff's numerous allegations relating to the filing of documents in state court, the admission of evidence into the probate proceedings, and the declaration that Plaintiff was a vexatious litigant under California state law. Among other relief requested in this action, Plaintiff seeks an order for specific performance of contract (apparently, the lease with option to purchase), a declaratory judgment that unlawful administration and operation of the probate process violated Plaintiff's rights, unspecified injunctive relief against all Defendants, and a writ of mandate ordering various state and county officials to comply with unspecified "constitutional provisions, laws, and regulations."

Although the complaint is less than clear on the status of the California proceedings, it appears that the probate matter is now on appeal in the California courts. Accordingly,

---

may be required to submit legal documents for review before these are accepted for filing. *Id.*

abstention is appropriate, and the federal court should decline to exercise jurisdiction over matters that are or have been addressed in state court.

Absent extraordinary circumstances, federal courts should refrain from interfering in a pending state court proceeding. *Younger v. Harris,* 401 U.S. 37, 49-53 (1971); *Poulos v. Caesar's World, Inc.*, 379 F.3d 654, 669 n. 4 (9th Cir. 2004). Federal courts must abstain and dismiss the federal action if (1) state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Ongoing state proceedings include probate actions. *Snyder v. Altman*, 444 F.Supp. 1269, 1271 (C.D.Cal. 1978).

The state has a important interest in governing family relationships and settling distribution of decedents' estates within its jurisdiction. *Snyder*, 444 F.Supp. at 1271. Important state interests such as probate, trusts, estates and property rights justify abstention as interests that the Constitution and tradition primarily assign to the individual states and that implicate the states' functions as self-governing sovereigns. *See Harper v. Public Service Comm'n of West Virginia*, 396 F.3d 348, 352-53 (4th Cir. 2005), and the cases summarized therein. Simply put, Plaintiff may not use a federal district court as a means to overcome or set aside questions integral to the administration of Mother's probate estate by the California courts simply by recasting portions of the pending probate action as federal constitutional or statutory questions.

Federal constitutional claims may be raised in California probate proceedings. *See* California Probate Code § 800. In the absence of unambiguous authority to the contrary, a state court is presumed to be an adequate forum in which to raise federal claims. *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). According to the complaint, Plaintiff actively participated in the ongoing probate proceedings. In light of the presumption and the allegations of the complaint, and assuming Plaintiff's compliance with applicable law and rules of procedure and evidence, Plaintiff had full and fair opportunity to litigate her state claims.

To the extent that Plaintiff seeks to reverse the California probate court's substantive rulings, Plaintiff is reminded that the settlement and distribution of decedents' estates and the

right to succeed to the ownership or realty and personality are peculiarly matters of state law. *Harris v. Zion Savings Bank & Trust Co.*, 317 U.S. 447, 450 (1943). Federal courts have no probate jurisdiction, even in diversity cases, and have diligently refrained from interfering with the states' probate jurisdiction. *Id.*; *see also United States v. Security-First Nat'l Bank of Los Angeles*, 130 F.Supp. 521, 524 (D.C.Cal. 1955) (dismissing a case in which the government sought to adjudicate its claims on a decedent's estate in federal district court). Review of procedural matters, such as the state court's determinations of Plaintiff's status as a vexatious litigant, admissibility of specific evidence, filing of evidential or argumentative documents in the course of the state probate proceeding, which Plaintiff contends violated federal rights are also properly addressed in the context of her state appeal of the probate court's decision, and must be addressed by California's appellate courts.

Ultimately, appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court. 28 U.S.C. § 1257. A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state court's decisions so that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. *Bianchi*, 334 F.3d at 898. Put another way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested in the federal action would effectively reverse the state court's decision or void its ruling. *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). The Rooker-Feldman Doctrine applies to federal "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's complaint seeks review of determinations made in the course of the state probate action and matters intertwined with it. This Court lacks jurisdiction to conduct such a review. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claimed violations of constitutional and other federally protected rights in connection with the state court's adjudication of claims on Mother's probate estate. Accordingly, Plaintiff's complaint must be dismissed.

## VI. Conclusion

The undersigned **HEREBY RECOMMENDS** that this case be dismissed with prejudice and Plaintiff's motion for an order directing the Clerk of Court to issue summonses relating to the complaint in this action be denied as moot.

These findings and recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: March 4, 2010** **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE